Jon Williams (17185)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
jwilliams@parrbrown.com

Gina M. Vitiello, Esquire (*pro hac vice*)
John C. Guin, Esquire (*pro hac vice*)
CHAMBERLAIN, HRDLICKA,
WHITE, WILLIAMS & AUGHTRY
191 Peachtree Street, NE, 46th Floor
Atlanta, GA 30303
Telephone: (404) 659-1410
Facsimile: (404) 659-1852
john.guin@chamberlainlaw.com

*Attorneys for Defendant Vanderlande Industries, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LUDVIK ELECTRIC CO., a Colorado corporation,<br><br>        Plaintiff,<br><br>v.<br><br>VANDERLANDE INDUSTRIES INC., a Delaware corporation,<br><br>        Defendant. | **DEFENDANT'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM**<br><br>Case No. 2:21-cv-00462<br><br>Hon. Judge David Barlow |

Defendant Vanderlande Industries, Inc. ("Vanderlande"), by and through the undersigned

counsel, files this Answer to the Amended Complaint filed by Plaintiff Ludvik Electric Co.

("Ludvik") and as modified by the Court's Order Granting in Part and Denying in Part Motion to Dismiss [Doc 47], stating as follows:

<u>FIRST AFFIRMATIVE DEFENSE</u>

The Amended Complaint fails to state a claim for which relief may be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Ludvik's claims are barred by waiver, including but not limited to Ludvik's express written waiver of its claims against Vanderlande in the Settlement Agreement, and Ludvik's express written waiver of its Pass-Through Claims against the prime contractor, Holder-Big D Construction, a Joint Venture ("HDJV").

<u>THIRD AFFIRMATIVE DEFENSE</u>

Ludvik's claims are barred by release, including but not limited to Ludvik's express written release of Vanderlande for Ludvik's direct and Pass-Through Claims in the Settlement Agreement, and Ludvik's express written release of its Pass-Through Claims against HDJV.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Ludvik's claims are barred by accord and satisfaction.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Vanderlande's performance of any obligations arising under the Settlement Agreement or in connection with Ludvik's Pass-Through Claims was excused and/or satisfied by, among other things, Ludvik's direct settlement with HDJV and Ludvik's release of HDJV for any liability relating to Ludvik's Pass-Through Claims.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Vanderlande's performance of any obligations arising under the Settlement Agreement or in connection with Ludvik's Pass-Through Claims was excused by Ludvik's prior material breach of the Settlement Agreement, including but not limited to: (1) Ludvik's failure to pay Vanderlande for payments received by Ludvik in exchange for settlement and release of HDJV for the Pass-Through Claims; or alternatively; (2) Ludvik's failure to prosecute its Pass-Through Claims against HDJV.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

Ludvik's claims are barred by estoppel.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

All contractual conditions precedent to Ludvik's recovery for its claims against Vanderlande have not occurred, including (but not limited to):  (a) Ludvik's failure to comply with the contractual notice requirements; (b) Ludvik's failure to comply with administrative dispute resolution procedures; (c) the failure of Vanderlande to receive payment from HDJV, HDJV's surety, or the Owner for Ludvik's claims; and (d) Ludvik's knowing and intentional written waiver and release of its Pass-Through Claims as to HDJV, HDJV's surety, and the Owner.

<u>NINTH AFFIRMATIVE DEFENSE</u>

Ludvik's own actions or omissions caused or contributed to its alleged injury.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Ludvik's claims for negligent misrepresentations are barred because they are based on expressions of opinion and/or legal opinions, not statements of fact.

ELEVENTH AFFIRMATIVE DEFENSE

Ludvik's claim for negligent misrepresentation is barred for failure to state with particularity the circumstances constituting fraud or mistake as required by Fed. R. Civ. P. 9(b).

TWELFTH AFFIRMATIVE DEFENSE

Ludvik has failed to mitigate its damages.

THIRTEENTH AFFIRMATIVE DEFENSE

Ludvik's claims are barred, in whole or in part, by the doctrine of payment, including but not limited to, Vanderlande's payment of the Settlement Payment to Ludvik under the Settlement Agreement and HDJV's direct settlement payment to Ludvik in exchange for a release of all claims, including Ludvik's Pass-Through Claims.

**ANSWER TO FACTUAL ALLEGATIONS**

In answer to the Ludvik's Amended Complaint, Vanderlande denies each and every material allegation contained therein, except as specifically admitted herein, and demands strict proof thereof.  Answering the individual paragraphs of the Amended Complaint, Vanderlande states as follows:

STATEMENT OF PARTIES

1.      Vanderlande admits the allegations in paragraph 1.

2.      Vanderlande admits the allegations in paragraph 2.

3.      Vanderlande admits the allegations in paragraph 3.

JURISDICTION AND VENUE

4.      Vanderlande admits the allegations in paragraph 4.

5.      Vanderlande admits the allegations in paragraph 5.

6.      Vanderlande admits the allegations in paragraph 6.

7.      Vanderlande admits the allegations in paragraph 7.

<u>GENERAL ALLEGATIONS</u>

*The Project and Pertinent Contracts*

8.      Vanderlande admits the allegations in paragraph 8.

9.      Vanderlande admits that it entered into an Installation Services Agreement with Ludvik dated December 3, 2013 and that a copy of the Standard Terms and Conditions was attached to Ludvik's Amended Complaint as Exhibit A. Vanderlande states further that Exhibit A speaks for itself, and that Exhibit does not contain all of the Contract Documents that make up the Installation Services Agreement, which documents are set forth in Article III of the Standard Terms and Conditions.

10.     Vanderlande admits the allegations in paragraph 10.

11.     Vanderlande admits that it entered into a Project Subcontract Agreement with Ludvik dated June 20, 2017 and that a copy of the Project Subcontract Agreement is attached as Exhibit B to the Amended Complaint. Vanderlande states further that Exhibit B speaks for itself, and that Exhibit B does not contain all of the Contract Documents that make up the Project Subcontract Agreement, which documents are set forth in Article III of the Standard Terms and Conditions.

12.     Vanderlande admits that the Contract Documents (as defined by the Installation Services Agreement) describe the scope of the Subcontract, and admits that, generally, Ludvik's scope of work was to provide mechanical and electrical work related to the baggage handling system.

13.     Vanderlande denies the allegations is paragraph 13.

*The Project Claims*

14.     Vanderlande admits that Ludvik asserted claims against Vanderlande relating to the performance of Ludvik's work on the Project. Vanderlande further admits that Vanderlande and Ludvik agreed that some portion of Ludvik's claims may be the ultimate responsibility of the HDJV.  Any allegations of paragraph 14 that are not expressly admitted herein are denied.

15.     Vanderlande admits that it asserted various claims against Ludvik relating to Ludvik's work on the project.  Any allegations of paragraph 15 that are not expressly admitted herein are denied.

16.     Vanderlande admits that it and Ludvik agreed that some portion of Ludvik's claims may be the ultimate responsibility of HDJV (Ludvik's "Pass-Through Claims"), and that a portion of Ludvik's claims did not involve HDJV, and that such claims would be addressed solely between Vanderlande and Ludvik (the "Non-Pass-Through Claims").  Any allegations of paragraph 16 that are not expressly admitted herein are denied.

17.     Vanderlande denies the allegations in paragraph 17.

18.     Vanderlande admits that it passed on to HDJV certain claims that Vanderlande received from Ludvik, and that HDJV advised Vanderlande that it was reviewing and evaluating those claims.  Any allegations of paragraph 18 that are not expressly admitted herein are denied.

19.     Paragraph 19 relates to communications between Vanderlande and Ludvik made in connection with a confidential mediation, which the Court has ruled are precluded from use in litigation under Utah's Uniform Mediation Act.  Therefore, no response to paragraph 19 is required. To the extent any response is required to paragraph 19, the allegations are denied.

20.     Paragraph 20 relates to communications between Vanderlande and Ludvik made in connection with a confidential mediation, which the Court has ruled are precluded from use in litigation under Utah's Uniform Mediation Act.   Therefore, no response to paragraph 20 is required.  To the extent any response is required to paragraph 20, the allegations are denied.

21.     Paragraph 21 relates to communications between Vanderlande and Ludvik made in connection with a confidential mediation, which the Court has ruled are precluded from use in litigation under Utah's Uniform Mediation Act.   Therefore, no response to paragraph 21 is required.  To the extent any response is required to paragraph 21, the allegations are denied.

22.     Paragraph 22 relates to communications between Vanderlande and Ludvik made in connection with a confidential mediation, which the Court has ruled are precluded from use in litigation under Utah's Uniform Mediation Act.   Therefore, no response to paragraph 22 is required.  To the extent any response is required to paragraph 22, the allegations are denied.

23.     Paragraph 23 relates to communications between Vanderlande and Ludvik made in connection with a confidential mediation, which the Court has ruled are precluded from use in litigation under Utah's Uniform Mediation Act.   Therefore, no response to paragraph 23 is required.  To the extent any response is required to paragraph 23, the allegations are denied.

24.     Paragraph 24 relates to communications between Vanderlande and Ludvik made in connection with a confidential mediation, which the Court has ruled are precluded from use in litigation under Utah's Uniform Mediation Act.   Therefore, no response to paragraph 24 is required.  To the extent any response is required to paragraph 24, the allegations are denied.

25.     Paragraph 25 relates to communications between Vanderlande and Ludvik made in connection with a confidential mediation, which the Court has ruled are precluded from use in

litigation under Utah's Uniform Mediation Act. Therefore, no response to paragraph 25 is required. To the extent any response is required to paragraph 25, the allegations are denied.

26. Paragraph 26 relates to communications between Vanderlande and Ludvik made in connection with a confidential mediation, which the Court has ruled are precluded from use in litigation under Utah's Uniform Mediation Act. Therefore, no response to paragraph 26 is required. To the extent any response is required to paragraph 26, the allegations are denied.

27. Paragraph 27 relates to communications between Vanderlande and Ludvik made in connection with a confidential mediation, which the Court has ruled are precluded from use in litigation under Utah's Uniform Mediation Act. Therefore, no response to paragraph 27 is required. To the extent any response is required to paragraph 27, the allegations are denied.

28. Paragraph 28 relates to communications between Vanderlande and Ludvik made in connection with a confidential mediation, which the Court has ruled are precluded from use in litigation under Utah's Uniform Mediation Act. Therefore, no response to paragraph 28 is required. To the extent any response is required to paragraph 28, the allegations are denied.

29. Vanderlande admits that it entered into a Settlement Agreement with Ludvik on or about August 24, 2020 and that a copy of that Settlement Agreement was attached to the Amended Complaint as Exhibit C. The Settlement Agreement speaks for itself. Any allegations in paragraph 29 that are not expressly admitted herein are denied.

30. Vanderlande admits that it entered into a Settlement Agreement with Ludvik on or about August 24, 2020 and that a copy of that Settlement Agreement was attached to the Amended Complaint as Exhibit C. The Settlement Agreement speaks for itself. Any allegations in paragraph 30 that are not expressly admitted herein are denied.

31.     Vanderlande admits that it entered into a Settlement Agreement with Ludvik on or about August 24, 2020 and that a copy of that Settlement Agreement was attached to the Amended Complaint as Exhibit C. The Settlement Agreement speaks for itself. Any allegations in paragraph 30 that are not expressly admitted herein are denied.

32.     Vanderlande admits that the Settlement Agreement resolved Ludvik and Vanderlande claims, as provided by the express terms of the Settlement Agreement.  The terms of the Settlement Agreement speak for themselves and Vanderlande denies the characterization of those terms in paragraph 32 of the Amended Complaint.  Any allegations in paragraph 32 that are not expressly admitted herein are denied.

33.     Vanderlande admits that the Settlement Agreement contemplated that Ludvik would prosecute its Pass-Through Claims against HDJV and the Owner, as provided by the express terms of the Settlement Agreement.  The terms of the Settlement Agreement speak for themselves. Any allegations of paragraph 33 that are not expressly admitted herein are denied.

34.     Vanderlande admits that it sent correspondence to HDJV on November 5, 2020 in response to inquiries HDJV made concerning claims belonging to Ludvik, but denies the allegations that characterize the contents of the correspondence because the document speaks for itself.  Vanderlande further states that the November 5, 2020 correspondence was not attached to the Amended Complaint, but is attached hereto as Exhibit 1.

35.     Vanderlande admits that on December 7 and 8, 2020, Ludvik and Vanderlande participated in a mediation with HDJV and the Owner to mediate, among other claims, the Ludvik Pass-Through Claims.  Any allegations of paragraph 35 that are not expressly admitted herein are denied.

36.     Vanderlande denies the allegations of paragraph 36.

37.     Vanderlande denies the allegations of paragraph 37.

38.     Vanderlande denies the allegations of paragraph 38.

39.     Vanderlande is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 39, and therefore denies them. Vanderlande denies the allegations in the second sentence of paragraph 39.

40.     Vanderlande denies the allegations of paragraph 40.

41.     Vanderlande denies the allegations of paragraph 41.

42.     Vanderlande denies the allegations of paragraph 42.

43.     Vanderlande admits the allegations in paragraph 43.

44.     Paragraph 44 contains allegations relating to communications between Vanderlande and Ludvik made in connection with a confidential mediation, which the Court has ruled are precluded from use in litigation under Utah's Uniform Mediation Act.  Therefore, no response to paragraph 44 is required.  To the extent any response is required, the allegations are denied.

45.     Vanderlande denies the allegations in paragraph 45.

46.     Paragraph 46 contains allegations relating to communications between Vanderlande and Ludvik made in connection with a confidential mediation, which the Court has ruled are precluded from use in litigation under Utah's Uniform Mediation Act.  Therefore, no response to paragraph 46 is required.  To the extent any response is required, the allegations are denied.

47.     Paragraph 47 contains allegations relating to communications between Vanderlande and Ludvik made in connection with a confidential mediation, which the Court has ruled are precluded from use in litigation under Utah's Uniform Mediation Act.  Therefore, no response to paragraph 47 is required.  To the extent any response is required, the allegations are denied.

48.     Vanderlande denies the allegations of paragraph 48.

**FIRST CLAIM FOR RELIEF**
**Fraud**

49.     Ludvik's First Claim for Relief was dismissed by the Court by Order dated March 17, 2022 [Doc. 47] and therefore no response is required.

50.     Ludvik's First Claim for Relief was dismissed by the Court by Order dated March 17, 2022 [Doc. 47] and therefore no response is required.

51.     Ludvik's First Claim for Relief was dismissed by the Court by Order dated March 17, 2022 [Doc. 47] and therefore no response is required.

52.     Ludvik's First Claim for Relief was dismissed by the Court by Order dated March 17, 2022 [Doc. 47] and therefore no response is required.

53.     Ludvik's First Claim for Relief was dismissed by the Court by Order dated March 17, 2022 [Doc. 47] and therefore no response is required.

54.     Ludvik's First Claim for Relief was dismissed by the Court by Order dated March 17, 2022 [Doc. 47] and therefore no response is required.

55.     Ludvik's First Claim for Relief was dismissed by the Court by Order dated March 17, 2022 [Doc. 47] and therefore no response is required.

56.     Ludvik's First Claim for Relief was dismissed by the Court by Order dated March 17, 2022 [Doc. 47] and therefore no response is required.

## SECOND CLAIM FOR RELIEF
### Negligent Misrepresentation

57.     Vanderlande incorporates is responses to Paragraphs 1 through 56 as if fully restated herein.

58.     Vanderlande denies the allegations in paragraph 58.

59.     Vanderlande denies the allegations in paragraph 59.

60.     Vanderlande denies the allegations in paragraph 60.

61.     Vanderlande denies the allegations in paragraph 61.

62.     Vanderlande denies the allegations in paragraph 62.

63.     Vanderlande denies the allegations in paragraph 63.

64.     Vanderlande denies the allegations in paragraph 64.

65.     Vanderlande denies the allegations in paragraph 65.

## THIRD CLAIM FOR RELIEF
### Concealment or Fraudulent Non-Disclosure

66.     Ludvik's Third Claim for Relief was dismissed by the Court by Order dated March 17, 2022 [Doc. 47] and therefore no response is required.

67.     Ludvik's Third Claim for Relief was dismissed by the Court by Order dated March 17, 2022 [Doc. 47] and therefore no response is required.

68.     Ludvik's Third Claim for Relief was dismissed by the Court by Order dated March 17, 2022 [Doc. 47] and therefore no response is required.

69.     Ludvik's Third Claim for Relief was dismissed by the Court by Order dated March 17, 2022 [Doc. 47] and therefore no response is required.

70.     Ludvik's Third Claim for Relief was dismissed by the Court by Order dated March 17, 2022 [Doc. 47] and therefore no response is required.

71.     Ludvik's Third Claim for Relief was dismissed by the Court by Order dated March 17, 2022 [Doc. 47] and therefore no response is required.

72.     Ludvik's Third Claim for Relief was dismissed by the Court by Order dated March 17, 2022 [Doc. 47] and therefore no response is required.

73.     Ludvik's Third Claim for Relief was dismissed by the Court by Order dated March 17, 2022 [Doc. 47] and therefore no response is required.

## FOURTH CLAIM FOR RELIEF
**Breach of Contract**

74.     Vanderlande incorporates its responses to Paragraphs 1 through 73 as if fully restated herein.

75.     Vanderlande admits the allegations of paragraph 75.

76.     Vanderlande denies the allegations of paragraph 76.

77.     Vanderlande denies the allegations of paragraph 77.

78.     Vanderlande denies the allegations of paragraph 78.

79.     Vanderlande denies the allegations of paragraph 79.

## FIFTH CLAIM FOR RELIEF
**Breach of Good Faith and Fair Dealing**

80.     Vanderlande incorporates its responses to Paragraphs 1 through 79 as if fully restated herein.

81.    Vanderlande admits the allegations of paragraph 81.

82.    Vanderlande denies the allegations of paragraph 82.

83.    Vanderlande denies the allegations of paragraph 83.

84.    Vanderlande denies the allegations of paragraph 84.

85.    Vanderlande denies the allegations of paragraph 85.

86.    Vanderlande denies the allegations of paragraph 86.

87.    Vanderlande denies the allegations of paragraph 87.

WHEREFORE, having fully answered Ludvik's Amended Complaint, Vanderlande denies that Ludvik is entitled to any of the relief sought in its Amended Complaint, and respectfully requests that that this Court grant the following relief:

(a)    That that Court find in Defendants' favor on all issues and dismisses with prejudice Ludvik's Amended Complaint;

(b)    That all costs of this action be cast against Ludvik;

(c)    That the Court award Vanderlande its attorneys' fees for defending this action, in accordance with Section 13 of the Settlement Agreement;

(d)    That the Court grant such other and further relief as it may deem just and proper.

## VANDERLANDE'S COUNTERCLAIM AGAINST LUDVIK

Vanderlande makes this Counterclaim against Ludvik, stating as follows:

### PARTIES

1.      Vanderlande is a Delaware corporation with its principal place of business in Marietta, Georgia, and is licensed to do business in Utah.

2.      Ludvik is a Colorado corporation with its principal place of business in Lakewood, Colorado, and is licensed to do business in Utah.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction pursuant to 28 U.S.C. §1332 as there is complete diversity of the parties and the amount in controversy exceeds $75,000 exclusive if interest and costs.

4.      Venue is proper in this Court.

### FACTUAL ALLEGATIONS

5.      This Counterclaim arises out of the same Project and Settlement Agreement that is the subject of Ludvik's Amended Complaint.  The Project is the renovation of the Salt Lake City Airport.  The prime contractor on the Project was HDJV.

6.       Vanderlande was a subcontractor to HDJV, whose work included the installation of a new baggage handling system.

7.      Ludvik's role on the Project was twofold: (1) it had a subcontract with Vanderlande for mechanical and electrical work on baggage handling system; and (2) it had a separate

subcontract directly with HDJV to perform electrical work on other aspects of the airport renovation project.

8.      Ludvik and Vanderlande asserted various claims against one another for additional costs that each attributed to the fault of the other party in connection with the baggage handling system.

9.      Ludvik and Vanderlande settled the claims relating to baggage handling subcontract in a Settlement Agreement dated August 24, 2020.  Under that Settlement Agreement, Vanderlande paid $3.9 million to Ludvik to resolve claims between them that were not related to any fault or action of HDJV or the Owner in exchange for a release of those claims.

10.      Additionally, the Settlement Agreement also contained a "liquidation agreement" between Ludvik and Vanderlande with respect to Ludvik's claims that were caused by HDJV or the Owner.  These claims are referred to in the Settlement Agreement as Ludvik's "Pass-Through Claims" because they were to be effectively "passed through" Vanderlande to HDJV.

11.      Under the Settlement Agreement, Ludvik was permitted to pursue its Pass-Through Claims against HDJV in the name of Vanderlande, and Ludvik released Vanderlande from any liability for the Pass-Through Claims, except and only to the extent that Vanderlande received payment from HDJV for the Pass-Through Claims.  In other words, the parties agreed that the risk of recovery for Ludvik's Pass-Through Claims from HDJV or the Owner was born solely by Ludvik, and Vanderlande's liability to Ludvik for the Pass-Through Claims arose if, and only to the extent, that Ludvik (in the name of Vanderlande) obtained a settlement or judgment against HDJV, and Vanderlande received payment from HDJV or the Owner.

12.     Further, the parties agreed that Vanderlande would receive the first $1 million of any payment from HDJV or the Owner for Ludvik's Pass-Through Claims, after payment of both parties' expenses and attorneys' fees incurred in pursuing the claims.  So, Ludvik had to effectively recover more than $1 million, plus attorneys' fees and expenses, before receiving any net recovery for itself on account of its Pass-Through Claims.

13.     At the time the Settlement Agreement was entered into, Ludvik's Pass-Through Claims were the subject of open and ongoing negotiations and discussions between Vanderlande and HDJV.  Vanderlande never knowingly or intentionally waived or released Ludvik's claims or acted in a manner that would imply that it waived or released Ludvik's claims.

14.     Following the Settlement Agreement, Vanderlande worked with Ludvik to pursue the Pass-Through Claims against HDJV and the Owner.  On or about September 16, 2020, a meeting was held between representatives of Luvik and Vanderlande to discuss "next steps" to pursue the Ludvik Pass-Through Claims against HDJV.

15.     In October, 2020, the Owner (Salt Lake City Department of Airports) sent a letter to HDJV acknowledging its receipt of claims from Ludvik, both through the Vanderlande subcontract and through the HDJV subcontract. In that letter, the Owner directed "HDJV/Vanderlande to provide the required backup and support to substantiate the Ludvik claims to allow HDJV to analyze the change in sufficient time so that the parties can negotiate."

16.     On October 19, 2020, HDJV sent a letter to Vanderlande requesting additional backup information to support Ludvik's claim, as well as Vanderlande's own analysis of Ludvik's claim and a meeting to discuss Ludvik's claims.

17.     On October 23, 2020 Vanderlande's counsel sent a copy of HDJV's letter to Ludvik's counsel and requested additional information from Ludvik to provide to HDJV in support of the Pass-Through Claims.

18.     In response to the October 19, 2020 letter from HDJV, Vanderlande undertook several actions to cooperate and assist with the prosecution of Ludvik's Pass-Through Claims, including but not limited to: (1) requesting additional information from Ludvik to provide to HDJV in support of the Pass-Through Claims; and (2) preparing an analysis of Ludvik's claims, which was shared with Ludvik for review and comment before it was sent to HDJV.  Attached as Exhibit 1 are copies of email communications and correspondence between counsel for Vanderlande (Nicholas Papleacos) and counsel for Ludvik (Joel Heusinger) demonstrating the actions taken by Vanderlande in support of Ludvik's Pass-Through Claims against HDJV.

19.     At the same time that Ludvik was pursuing its Pass-Through Claims against HDJV and the Owner, it was also pursuing separate claims directly against HDJV and the Owner for costs Ludvik allegedly incurred in connection with its work on the HDJV subcontract for renovation work.   In response to Ludvik's claims, the Owner—for the first time—took the position that Ludvik's claims had been waived by certain "boilerplate" language contained in Change Orders signed by Vanderlande and Ludvik.

20.     On December 1, 2020, Ludvik's counsel sent an email to Vanderlande's counsel regarding the "release" issue raised by HDJV. In that email, Ludvik's counsel wrote he did not believe HDJV's "release" argument to be valid. Nevertheless, Ludvik's counsel requested assistance from Vanderlande's counsel in rebutting HDJV's newly-raised "release" argument.

21.     On December 4, 2020, Vanderlande's counsel sent an email to Ludvik's counsel with a response to HDJV's legal position on the "release" language in the Change Orders signed by Vanderlande.  The response contained legal and factual arguments for Ludvik to present at in opposition to HDJV's "release" argument.  A copy of the December 4, 2020 email and response is attached as Exhibit 2.

22.     Further, on December 8, 2020, Vanderlande's counsel sent an email to Ludvik's counsel with additional information and arguments to rebut HDJV's release argument and advising that Ludvik's failure to push harder on that issue could jeopardize any recovery by Vanderlande on the Pass-Through Claims. A copy of the December 8, 2020 email from Vanderlande's counsel is attached as Exhibit 3.

23.     However, Ludvik did not fight harder against HDJV's legal position and did not pursue its Pass-Through Claims against HDJV.  Instead, Ludvik settled its direct claims with HDJV in exchange for a release of all of Ludvik's claims against HDJV and the Owner, including the Pass-Through Claims.  In other words, Ludvik gave up its right to pursue the Pass-Through Claims (which it was obligated to share with Vanderlande) in exchange for a payment on its direct claims (which it was not obligated to share with Vanderlande).

24.     Ludvik's actions in releasing its Pass-Through Claims in exchange for payment of its direct claims, has deprived Vanderlande of the benefit of its bargain in the Settlement Agreement.

## COUNT I—BREACH OF CONTRACT

25.     Vanderlande incorporates the allegations in paragraphs 1 through 24 as if fully restated herein.

26.     Vanderlande and Ludvik entered into a Settlement Agreement, which was a valid and enforceable contract.

27.     Ludvik breached that Settlement Agreement by: (1) failing to prosecute the Pass-Through Claims against HDJV; and/or by (2) releasing HDJV and the Owner from liability on the Pass-Through Claims in exchange for payment of Ludvik's separate direct claims against HDJV, and depriving and preventing payment to Vanderlande from HDJV and the Owner for recovery on the Pass-Through Claims.

28.     As a direct and proximate result of Ludvik's breaches, Vanderlande has been damaged in the amount of not less than $1 million.

29.     Vanderlande is also entitled to recover its reasonable attorneys' fees in accordance with the terms of the Settlement Agreement.

30.     All conditions precedent to Vanderlande's recovery have occurred, been satisfied, or have been waived.

## COUNT II-BREACH OF GOOD FAITH AND FAIR DEALING

31.     Vanderlande incorporates the allegations of paragraphs 1 through 30 as if fully restated herein.

32.     Ludvik has an implied covenant to perform its obligations under the Settlement Agreement in good faith and to deal fairly with Vanderlande.

33.     The covenant operates by implying as a term of every contract a duty to perform in the good faith manner that the parties surely would have agreed to if they had foreseen and addressed the circumstance giving rise to the dispute.

34.     Pursuant to the covenant, Ludvik impliedly promised Vanderlande that it would not intentionally or purposely do anything that would impair or prevent Vanderlande's right to recover the first $1 million of any payments from HDJV or the Owner for Ludvik's Pass-Through Claims.

35.     Ludvik breached the duty of good faith and fair dealing when it knowingly and intentionally waived and released HDJV and the Owner for any liability on its Pass-Through Claims in exchange for payment to Ludvik on its direct claims.

36.     Ludvik's breach of the covenant of good faith and fair dealing intentionally and purposefully frustrated on of the key purposes of the Settlement Agreement and destroyed and impaired Vanderlande's right to receive the fruits of that agreement.

37.     All conditions precedent to Vanderlande's recovery have occurred, been satisfied, or been waived.

38.     As a result of Ludvik's breach of good faith and fair dealing, Vanderlande has been damaged in the amount of not less than $1 million.

39.     Vanderlande is also entitled to recover its reasonable attorneys' fees in accordance with the terms of the Subcontract and Settlement Agreement.

WHEREFORE,  Vanderlande respectfully requests that this Court

(a)     enter judgment in its favor and against Ludvik in an amount not less than $1 million;

(b)     award Vanderlande prejudgment interest;

(c)     award Vanderlande its reasonable attorneys' fees;

(d)     that all costs be taxed to Ludvik; and

(e)     for such other and further relief as this Court deems just and proper.

Respectfully submitted this 31st day of March, 2022.

/s/ *Gina M. Vitiello*
Gina M. Vitiello (*pro hac vice*)
John C. Guin (*pro hac vice*)
Jon Williams
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court for the U.S. District Court, District Court of Utah by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED: March 31, 2022.


Mark O. Morris
Tyson J. Prisbrey
SNELL & WILMER L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, UT 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1900
mmorris@swlaw.com
tprisbrey@swlaw.com

Joel D. Heusinger
Kory D. George
WOODS AITKEN LLP
8055 East Tufts Avenue, Suite 525
Denver, Colorado 80237
Telephone: 303-606-6700
jheusinger@woodsaitken.com
kgeorge@aitken.com



/s/ *Gina M. Vitiello*


4034071.v2