Mark O. Morris (4636)
Tyson J. Prisbrey (17428)
Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, UT 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1900
Email: mmorris@swlaw.com
tprisbrey@swlaw.com

Joel D. Heusinger, Colo. No. 40866 (*pro hac vice*)
Kory D. George, Colo. No. 41058 (*pro hac vice*)
Woods | Aitken LLP
8055 East Tufts Ave., Suite 525
Denver, Colorado 80237
Phone: 303-606-6700
Fax: 303-606-6701
Email: jheusinger@woodsaitken.com
kgeorge@woodsaitken.com

*Attorneys for Plaintiff/Counterclaim Defendant Ludvik Electric Co.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| LUDVIK ELECTRIC CO., a Colorado corporation,<br><br>*Plaintiff/Counterclaim Defendant*,<br><br>v.<br><br>VANDERLANDE INDUSTRIES, INC., a Delaware corporation,<br><br>*Defendant/Counterclaim Plaintiff.* | **PLAINTIFF/COUNTERCLAIM DEFENDANT'S REPLY TO COUNTERCLAIM**<br><br>Case No. 2:21-cv-00462<br><br>Hon. Judge David Barlow |

Plaintiff/Counterclaim Defendant Ludvik Electric Co ("**Ludvik**"), by and through its undersigned counsel, replies to the Counterclaim filed by Defendant/Counterclaim Plaintiff Vanderlande Industries, Inc. ("**Vanderlande**"), stating as follows:

## FIRST DEFENSE

Responding to the individually numbered paragraphs of Vanderlande's Counterclaim, Ludvik states:

### PARTIES

1. Ludvik admits the allegations of paragraph 1 upon information and belief.

2. Ludvik admits the allegations of paragraph 2.

### JURISDICTION AND VENUE

3. Ludvik admits the allegations of paragraph 3.

4. Ludvik admits the allegations of paragraph 4.

### FACTUAL ALLEGATIONS

5. Responding to the allegations of paragraph 5, Ludvik states that the Counterclaim speaks for itself and that HDJV was and may continue to be a general contractor on the Project as defined in the Counterclaim.

6. Ludvik admits the allegations of paragraph 6.

7. Responding to the allegations of paragraph 7, Ludvik states that the agreements referenced therein speak for themselves.

8. Responding to the allegations of paragraph 8, Ludvik states that the writings in which various claims were asserted and described speak for themselves.

9. Responding to the allegations of paragraph 9, Ludvik states that its agreements with Vanderlande speak for themselves, and admits to receiving $3.9 million in connection with the August 24, 2020 Settlement Agreement.

10. Responding to the allegations of paragraph 10, Ludvik states that its agreements with Vanderlande speak for themselves.

11. Responding to the allegations of paragraph 11, Ludvik states that its agreements with Vanderlande speak for themselves.

12. Responding to the allegations of paragraph 12, Ludvik states that its agreements with Vanderlande speak for themselves.

13. Ludvik denies the allegations of paragraph 13.

14. Ludvik denies the allegations of paragraph 14 except admits that a meeting was held in which the Pass-Through claims were discussed.

15. Responding to the allegations of paragraph 15, Ludvik states that all writings referenced therein speak for themselves.

16. Responding to the allegations of paragraph 16, Ludvik states that all writings referenced therein speak for themselves.

17. Responding to the allegations of paragraph 17, Ludvik states that all writings referenced therein speak for themselves and admits it received the letter referenced therein.

18. Ludvik admits the contents of the communications and correspondences attached to the Counterclaim speak for themselves and denies the remaining allegations of paragraph 18.

19. Responding to the allegations of paragraph 19, Ludvik admits that while pursuing the Pass-Through Claims through Vanderlande, it was also pursuing separate claims directly against HDJV and the Owner. Ludvik states that all writings referenced therein speak for themselves.

20. Ludvik admits that Ludvik's counsel sent the email referenced in paragraph 20 and states that the email speaks for itself.

21. Ludvik admits that Ludvik's counsel received the email referenced in paragraph 21 and states that the email speaks for itself.

22. Ludvik admits that Ludvik's counsel received the email referenced in paragraph 22 and states that the email speaks for itself.

23. The allegations of paragraph 23 are vague in part, and not susceptible of answer. Ludvik admits entering into an agreement with HDJV and the Owner, the terms of which speak for themselves.

24. Ludvik denies the allegations of paragraph 24.

## COUNT I—BREACH OF CONTRACT

25. In response to paragraph 25, Ludvik re-alleges and incorporates by reference its responses to paragraphs 1 through 24 as if set forth herein.

26. Ludvik admits the allegations of paragraph 26.

27. Ludvik denies the allegations of paragraph 27.

28. Ludvik denies the allegations of paragraph 28.

29. Ludvik denies the allegations of paragraph 29.

30. Ludvik denies the allegations of paragraph 30.

## COUNT II—BREACH OF GOOD FAITH AND FAIR DEALING

31. In response to paragraph 31, Ludvik re-alleges and incorporates by reference its responses to paragraphs 1 through 30 as if set forth herein.

32. Responding to the allegations of paragraph 32, Ludvik states that it had and has all duties and obligations the law imposes upon it, but denies obligations to honor obligations in a contract that was first materially breached by Vanderlande.

33. Responding to the allegations of paragraph 33, Ludvik states that it had and has all duties and obligations the law imposes upon it, but denies obligations to honor obligations in a contract that was first materially breached by Vanderlande.

34. Responding to the allegations of paragraph 34, Ludvik states that it had and has all duties and obligations the law imposes upon it, but denies obligations to honor obligations in a contract that was first materially breached by Vanderlande.

35. Ludvik denies the allegations of paragraph 34.

36. Ludvik denies the allegations of paragraph 35.

37. Ludvik denies the allegations of paragraph 36.

38. Ludvik denies the allegations of paragraph 37.

39. Ludvik denies the allegations of paragraph 38.

40. Ludvik denies the allegations of paragraph 39

## **GENERAL DENIALS**

Ludvik denies every allegation in the Counterclaim, including those allegations in the Prayer for Relief, that are not expressly admitted herein.

## **SECOND DEFENSE**

Vanderlande's claims fail to state a claim against Ludvik upon which relief may be granted.

**THIRD DEFENSE**

Vanderlande's claims, or some of them, fail in whole or in part, by the doctrine of unclean hands.

**FOURTH DEFENSE**

Vanderlande's claims, or some of them, fail in whole or in part, due to frustration of purpose.

**FIFTH DEFENSE**

Vanderlande's claims may be barred, in whole or in part, for failure of consideration.

**SIXTH DEFENSE**

Vanderlande's claims may be barred, in whole or in part, by reason that Vanderlande fraudulently induced Ludvik to, or made negligent or intentional misrepresentations to Ludvik to induce it to, enter into the Settlement Agreement.

**SEVENTH DEFENSE**

Vanderlande's claims may be barred, in whole or in part, by reason of Vanderlande's prior material breaches of the Settlement Agreement.

**EIGHTH DEFENSE**

Vanderlande's claims may be barred, in whole or in part, because Vanderlande has failed to act in good faith and/or has breached the covenant and duty of good faith and fair dealing.

**NINTH DEFENSE**

Vanderlande's claims may be barred, in whole or in part, by the doctrines of estoppel and wavier.

## TENTH DEFENSE

Vanderlande's claims may be barred, in whole or in part, by reason of Vanderlande's own conduct.

## ELEVENTH DEFENSE

Vanderlande's claims may be barred, in whole or in part, by reason it has failed to allege a legally sufficient basis, in fact or in law, upon which to predicate an award of attorney's fees.

## TWELFTH DEFENSE

Ludvik reserves the right to assert any and all other affirmative defenses as set forth in Rule 8 of the Federal Rules of Civil Procedure that discovery reveals to be applicable so as to avoid waiver of the same.

DATED this 21st day of April, 2022.

**SNELL & WILMER L.L.P.**

/s/ *Mark O. Morris*
Mark O. Morris
Tyson J. Prisbrey

and

**WOOD | AITKEN LLP**

Joel D. Heusinger
Kory D. George

*Attorneys for Plaintiff/Counterclaim Defendant Ludvik Electric Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, April 21, 2022, I caused a true and correct copy of the above **PLAINTIFF/COUNTERCLAIM DEFENDANT'S REPLY TO COUNTERCLAIM** was served via the Court's ECF electronic filing system to the following parties:

Jon Williams, Esq.
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
jwilliams@parrbrown.com

Gina M. Vitiello, Esq.
John C. Guin, Esq.
**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY**
191 Peachtree Street, NE, 46th Floor
Atlanta, GA 30303
gina.vitiello@chamberlainlaw.com
john.guin@chamberlainlaw.com

*Attorneys for Defendant/Counterclaim Plaintiff Vanderlande Industries, Inc.*

                                                      */s/ Mark O. Morris*

4886-7083-3948